305 S.W.3d 837 (2010)
In the Interest of SAM., P.R.M., and S.A.M.
No. 14-08-01068-CV.
Court of Appeals of Texas, Houston (14th Dist.).
January 28, 2010.
*838 Robert Gaines Gibson, Rosenberg, Thomas C. Sanders, Sugar Land, for appellants.
John Maisel, Houston, for appellees.
Panel consists of Justices ANDERSON, FROST and BOYCE.

ABATEMENT ORDER
This is an appeal from an order signed August 5, 2008. Based on the record before us, ambiguity exists as to whether the order is final and appealable.
The Texas Supreme Court has advised that if an appellate court is uncertain about the intent of an order to finally dispose of all claims and parties, it can abate the appeal to permit clarification by the trial court. See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 206 (Tex.2001). Texas Rule of Appellate Procedure 27.2 provides as follows:
The appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record.
Tex.R.App. P. 27.2.
The August 5, 2008 order does not clearly state whether petitioner Susan Doyle lacks standing under any potential basis that was raised in the trial court or could have been raised in the trial court. Additionally, the order does not expressly dismiss Doyle's substantive claims based upon lack of standing or any other grounds. Accordingly, we order the case abated and remand it to the trial court for a period of thirty days so the trial court can sign an order clarifying its intent. The order should (1) explain whether the trial court intended its August 5, 2008 order to be a final and appealable judgment that disposes of all claims and all parties, and, if it so intended, (2) modify the August 5, 2008 order to make that intention clear.
A supplemental clerks record containing the trial court's clarifying order(s) shall be filed with the clerk of this court on or before March 1, 2010.
The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental clerk's record is filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing, if a hearing is required, in compliance with this court's order. If the parties do not *839 request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.
It is so ORDERED,
 /s/ Justice John S. Anderson
FROST, J., Dissenting.
KEM THOMPSON FROST, Justice, dissenting.
This appeal is not appropriate for abatement because there is no ambiguity in the language of the order from which the appellant/petitioner attempts to appeal.
The trial court signed an agreed order in 2006 in a suit affecting the parent-child relationship of three minor children, (1) appointing appellee/respondent Leonard Morlock, the children's paternal uncle, sole managing conservator, (2) naming two aunts possessory conservators, and (3) referring to appellant Susan Doyle as an intervenor in the suit.
On August 27, 2007, Doyle petitioned the trial court to remove the uncle as sole managing conservator and appoint her in his place, referring to the matter as an original petition in a suit affecting the parent-child relationship. In response, the uncle filed a general denial and also filed a motion in which he asked the court to deny Doyle's requested relief on the merits and in which he also asked the court to dismiss Doyle's claims based on her alleged lack of standing. The latter request was in substance a plea to the jurisdiction, in which the uncle claimed that the trial court lacked jurisdiction based on Doyle's lack of standing. Doyle filed a response asserting that she has standing based on her "substantial past contact" and regular ongoing visits with the children who are the subject of this suit.
At a hearing on November 26, 2007, which presumably was a hearing on the uncle's motion, the trial judge stated his belief that Doyle lacked standing under section 102.003 of the Texas Family Code, which is entitled, "General Standing to File Suit," but that Doyle might have standing under section 102.004 of the Texas Family Code, which is entitled, "Standing for Grandparent or Other Person." The trial court indicated that the standing issue would be the subject of a future hearing. During the November 26, 2007 hearing, the trial court did not grant any motion or any plea to the jurisdiction, nor did the court dismiss any claim.
Doyle next filed a document entitled "Petitioner's Motion for Standing Under Texas Family Code Section 102.004" ("Doyle's Motion"), asserting that her suit was for modification of an order in a suit affecting the parent-child relationship. Doyle argued that she had standing to sue under section 156.002, which governs who can file a modification suit.
At a hearing on June 30, 2008, Doyle's trial counsel referred to Doyle's Motion and to the proceedings as a continuation of the November 26, 2007 hearing. Doyle's trial counsel explained that Doyle has standing to seek modification of the agreed order under section 156.002 in the suit affecting the parent-child relationship because she intervened in the prior suit affecting the parent-child relationship and was a party affected by that order who may file a suit seeking to modify that order. The trial court did not state that Doyle would be allowed to argue standing based only on section 102.004 or that there were any limits on Doyle's ability to argue standing. At the conclusion of the parties' arguments, the trial court orally denied Doyle's Motion. During this hearing, the trial court did not grant any motion or any plea to the jurisdiction, and it did not dismiss any claim.
On August 5, 2008, the trial court signed an order, which reads in its entirety as follows:

*840 The forgoing Petitioner's Motion for Standing Under Texas Family Code Section 102.004 was presented to the Court on this the 30th day of June, 2008, and the Court after considering the same, is of the opinion that said motion should be DENIED; therefore, the Court denied Petitioner SUSAN DOYLE'S Motion for Standing Under Texas Family Code Section 102.004.
Doyle filed a motion for new trial and, after conducting a hearing, the trial court denied the motion.
The majority concludes that clarification is necessary to determine whether the trial court's August 5, 2008 order is final. In Lehmann v. Har-Con Corp., the Supreme Court of Texas stated that if an appellate court is uncertain about whether the trial court intended its order to be a final judgment, the appellate court can abate the appeal under Texas Rule of Appellate Procedure 27.2 to allow the trial court to clarify its intent. See 39 S.W.3d 191, 206 & n. 92 (Tex.2001). On the other hand, the high court stated that if the language of the order is clear and unequivocal, then appellate courts must give effect to that language. See id.
In the case at hand, the language of the trial court's August 5, 2008 order is clear and unequivocal. Using unambiguous language, the trial court denied Doyle's Motion; the trial court did not grant the uncle's motion or dismiss any claim. The majority concludes that there is an ambiguity as to whether the trial court disposed of all claims and all parties in this order, essentially finding that the order is ambiguous because it "does not clearly state whether [Doyle] lacks standing under any potential basis." (emphasis added). While it is true that the trial court does not clearly address whether Doyle has standing under any potential basis, it is also true that the trial court did not address this issue in an unclear manner. The trial court simply denied Doyle's Motion. Though the trial court rejected the standing argument contained in that motion, there is no language in the order suggesting that the court found that Doyle had no standing at all.
The majority also finds ambiguity because the order "does not expressly dismiss Doyle's substantive claims based upon lack of standing or any other grounds." (emphasis added). The trial court does not dismiss any claim in the order, and this is not surprising because the court does not grant or purport to grant any motion or any plea to the jurisdiction. Rather, in the order the court denies a motion in which Doyle asserted a single standing argument. The order contains no language that suggests the trial court dismissed any of Doyle's claims, and there is no language from which this court reasonably could infer that the trial court dismissed any of Doyle's claims.
Under the unequivocal language of the order in question, the trial court did not dispose of all claims and parties before the court. Therefore, this court must give effect to the unambiguous language, and its failure to do so contradicts Lehmann. See id. For this reason, this court should not abate.
In the August 5, 2008 order, the trial court does not purport to dispose of all claims or all parties, nor does it state with unmistakable clarity that the trial court is rendering a final judgment. See id. at 192, 200 (providing that a judgment that issues without a conventional trial is final for purposes of appeal if it actually disposes of all claims and parties then before the court or states with unmistakable clarity that it is a final judgment). It is apparent from the plain language of the order that the trial court did not grant a plea to the jurisdiction or dismiss any claims. Doyle's *841 Motion is unusual,[1] but the trial court's order denying that motion is not the least bit ambiguous, and it is not a final judgment. Because there is no appeal that lies from the denial of a "motion for standing," this court lacks appellate jurisdiction.
In conclusion, because the language of the trial court's order is clear and unambiguous, under Lehmann, this court should not abate to determine the trial court's intent. See Lehmann, 39 S.W.3d at 206 & n. 92. Rather, the proper course is to dismiss this appeal for lack of jurisdiction. See id. Because the court instead chooses to abate, I respectfully dissent.
NOTES
[1] The motion is unusual because it contains an affirmative plea by the claimant for the court to find standing when the usual practice in Texas is for a claimant to assert a claim and for the defendant to challenge the claimant's standing through a plea to the jurisdiction, if the defendant believes that the plaintiff lacks standing. In Texas practice, a claimant generally is not required to obtain an advance ruling on standing before asserting or pursuing a claim.